**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Auto-Owners Insurance Company, | No. CV-21-00903-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Andrew Hancock, | |
| Defendant. | |

On May 21, 2021, Plaintiff Auto-Owners Insurance Company filed a complaint for declaratory relief against its insured, Defendant Andrew Hancock. (Doc. 1.) According to the complaint, Hancock was involved in an accident in March of this year when, while driving an off-road dirt bike, he collided with an ATV. Hancock submitted a claim to Auto-Owners for payment of underinsured motorist benefits. Auto-Owners disputes whether this accident involved an automobile, as that term is used in the insurance policy. Accordingly, Auto-Owners "seeks a judicial determination of its right and obligations under the policy with respect to the uninsured motorist claim submitted by Hancock." (*Id.* ¶ 11.)

On May 25, 2021, the Court issued its standard order discouraging motions to dismiss, paragraph 5 of which states: "The parties shall endeavor not to oppose motions to amend filed prior to the Scheduling Conference or within the time set forth for amending pleadings and joining parties in the Rule 16 Scheduling Order." (Doc. 9.)

On June 18, 2021, Hancock filed an answer and counterclaim. (Doc. 12.) His counterclaim accuses Auto-Owners of breaching the parties' insurance contract and the covenant of good faith and fair dealing implied therein.

On June 21, 2021, the Court issued an order setting a Rule 16 Scheduling Conference for October 19, 2021. (Doc. 13.)

On July 27, 2021, Auto-Owners filed a motion seeking leave to amend its complaint to correct what it describes as a typographical error in the Prayer for Relief section. (Doc. 18.) Specifically, the complaint currently prays for, among other things, "a judicial determination as to whether Auto-Owners has *no* obligation to provide underinsured motorist benefits to Hancock for the claim submitted as a result of the March 13, 2021 accident[.]" (Doc. 1 at 4 (emphasis added).) Auto-Owners contends that it intended to seek a judicial determination as to whether it has *an* obligation to provide underinsured motorist benefits to Hancock. Accordingly, Auto-Owners requests leave to amend its complaint to change the word "no" to "an." (Doc. 18-2 at 4.)

Hancock opposes the request. (Doc. 19.) According to Hancock, this is no innocent typo. No, Hancock claims that Auto-Owners did, in fact, intend to seek a judicial determination that it has no obligation to provide underinsured motorist benefits, and now seeks to change that language because Hancock has, in his counterclaim, used it as one example of Auto-Owners' bad faith. Thus, Hancock believes the proposed amendment would be "extremely" and "substantially" prejudicial to him because, were the complaint to be amended, Hancock might not be able to use the original complaint as evidence to prove bad faith. Hancock also claims that he would be prejudiced by Auto-Owners' proposed amendment because he has already begun preparing his case based on the original wording—never mind that this case is in its infancy; the Court has not even issued a scheduling order.

Where paragraph 5 of the Court's standard order fails, Rule 15 steps in. Leave to amend should be given freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). When assessing the propriety of a motion for leave to amend, the court considers factors such as:

"(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Here, Auto-Owners has not previously amended its complaint, the proposed amendment is not futile, and the Court is unpersuaded by Hancock's assertions of bad faith, undue delay, and prejudice. Leave to amend will be granted.

Hancock requests that, if the Court grants the motion for leave to amend, it also "issue an order specifically permitting Hancock to present the original complaint side by side with the amended complaint to the finder of fact at trial as evidence of Auto-Owners' ongoing bad faith." (Doc. 19 at 6.) Hancock's request is denied, as it is a matter more appropriately raised at summary judgment or in a pre-trial motion in limine, when matters of proof and evidence are at issue. At present, the Court is concerned only with a matter of pleading—should Auto-Owners be permitted to change "no" to "an" in its complaint. The answer is yes.

**IT IS ORDERED** that Auto-Owners' motion for leave to amend (Doc. 18) is **GRANTED**.

Dated this 18th day of August, 2021.

Douglas L. Rayes
United States District Judge