**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Auto-Owners Insurance Company, | No. CV-21-00903-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Andrew Hancock, | |
| Defendant. | |

Before the court is Plaintiff Auto-Owners Insurance Company's ("Auto-Owners") motion for leave to file a second amended complaint, which is fully briefed. (Docs. 49, 51, 52.) For the following reasons, the motion is granted.[1]

**I. Background**

On March 13, 2021, Defendant Andrew Hancock was involved in an automobile collision with Robert Thurman on a Forest Service Road. (Docs. 23 at 3; 25 at 2.) Hancock submitted a claim to Auto-Owners for underinsured motorist ("UIM") benefits. (Doc. 23 at 3.) Under the policy, an "underinsured automobile does not include an automobile that is designed for use primarily off public roads except while actually on public roads." (*Id.* at 2.) Auto-Owners sued Hancock, seeking a declaratory judgment as to its obligations to provide UIM benefits to Hancock for his claim. (*Id.* at 3-4.)

---

[1] Oral argument is denied because the motion is adequately briefed and oral argument will not help the Court resolve the issues presented. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

Meanwhile, Thurman submitted a claim to Auto-Owners in August 2021 demanding "the limits of all applicable insurance policies" under Hancock's insurance coverage. (Doc. 51-1 at 2.) Auto-Owners advised Thurman that none of Hancock's policies could be applied to Thurman's claim. (*Id.* at 5.) On February 14, 2022, Auto-Owners received a letter from Thurman's counsel indicating Thurman would be making either an uninsured motorist ("UM") or an UIM claim under his own policy issued by Auto-Owners. (Doc. 49 at 3.) The letter did not include a demand. Auto-Owners replied and asked him to clarify his claim. (*Id.* at 4.) On May 18, 2022, Thurman wrote back that he was pursuing a UM claim under his policy and demanded payment of the UM policy limits. (*Id.* at 5.) Like in the UIM policy, an uninsured automobile "does not include an automobile that is designed for use primarily off public roads except while actually on public roads." (*Id.*) Five days later, Auto-Owners moved for leave to amend the first amended complaint, seeking to add Thurman as a defendant as well as a declaratory judgment claim against him. (*Id.* at 5-6.)

**II. Diligence**

Because Auto-Owners filed its motion after the scheduling order's deadline for amending pleadings and adding parties, it must first show good cause for amending the scheduling order under Federal Rule of Civil Procedure 16. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. *See id.* In determining a party's diligence, a court may consider (1) whether the party was diligent in assisting the court in creating a workable Rule 16 order, (2) whether the party's failure to meet a Rule 16 deadline occurred because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and (3) whether the party was diligent in seeking amendment of the Rule 16 order once it became apparent the party could not comply. *See, e.g.*, *Morgal v. Maricopa Cnty. Bd. of Sup'rs*, 284 F.R.D. 452, 460 (D. Ariz. 2012) (citation omitted).

First, the Court does not find anything to suggest that Auto-Owners was not diligent "in assisting the court in creating a workable Rule 16 order" entered on October 26, 2021.

At that time, Auto-Owners was not yet aware that Thurman was an insured or that he would be filing a UM claim under his own Auto-Owners policy.

For the same reason, under the second step in the diligence inquiry, Auto-Owners could not have reasonably foreseen Thurman would be making a UM claim under his policy at the time of the Rule 16 scheduling conference.

Under the third step, Hancock argues Auto-Owners chose to "sit on its hands and do nothing" after it received notice from Thurman in his February 14, 2022 letter that he planned to make either an UM or UIM claim under his own policy with Auto-Owners. The Court disagrees. Auto-Owners had notice that Thurman might file a claim, but potential claims under potential policies fall outside this Court's case-and-controversy jurisdiction. *See Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941) (declaratory judgment is warranted when the alleged facts show that there is a substantial controversy between the parties of sufficient immediacy and reality). The earliest Auto-Owners learned of an actual claim from Thurman was May 18, 2022—when Auto-Owners received clarification that Thurman was demanding UM coverage and pursuing a UM claim under his policy. (Doc. 49 at 5.) Before May 18, 2022, the controversy was merely theoretical. The law does not demand that Auto-Owners use a crystal ball to divine whether Thurman would actually pursue a UM claim under his policy.

On all of these factors, Auto-Owners acted with diligence in filing its motion five days after it received Thurman's demand.

**III. Propriety of Amendment**

Because Auto-Owners has acted with diligence, the Court now assesses the propriety of the proposed amendments by considering: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there

exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Hancock argues he will be prejudiced if the Court grants Auto-Owners' motion, citing delay, increased costs of litigation, attorney fees, and other issues that may occur before the trier of fact. (Doc. 51 at 7.) Although fact discovery closed on March 11, 2022 (Doc. 38 at 2), the Court does not anticipate the additional discovery needed for the Thurman claim will create a significant delay. The new claim arises from the same accident and involves the same legal issues. The Court concludes that any prejudice resulting from granting Auto-Owners' motion will be minimal.

Nor do the other factors weigh against granting the motion. There is no undue delay. Auto-Owners could not have acted sooner because there was no actual controversy before Thurman submitted his UM claim on May 18, 2022. For this same reason, the Court does not find that Auto-Owners acted in bad faith in its attempt to amend its first amended complaint. All factors favor granting leave to amend.

**IV. Permissive Joinder**

In conjunction with Rule 15, Federal Rule of Civil Procedure 20 allows permissive joinder of defendants if

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

"[A] district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980)).

Hancock's and Thurman's claims arise out of the same transaction or occurrence. (Doc. 51 at 8.) Although Hancock argues that some questions of law will be different and not applicable to both Hancock's and Thurman's claims (*Id.*), that does not preclude a

ruling allowing permissive joinder. The question of whether the two vehicles were on a "public road" is a question of fact common to both Hancock and Thurman. This satisfies Rule 20.

As explained above, the Court does not find that allowing Auto-Owners to add Thurman as a defendant would substantially prejudice Hancock. The primary purpose of permissive joinder is to promote trial convenience and prevent multiple lawsuits. *See League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977). The Court concludes that permissive joinder is appropriate because Rule 20 is satisfied, and joinder promotes trial convenience and prevents a separate lawsuit based on similar questions of law and fact.

**IT IS ORDERED** that Plaintiff's Motion for Leave to Amend (Doc. 49) is **GRANTED**. Plaintiffs shall file their second amended complaint within **7** days from the issuance of this order. Per the Court's minute entry at Doc. 50, the Court will set a telephonic scheduling conference once Thurman is served and makes an appearance.

Dated this 13th day of July, 2022.

Douglas L. Rayes
United States District Judge